**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30052 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00179-BLW-1 |
| v. | |
| PATRICK JOSHUA COFFEY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted November 9, 2020[**]

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Patrick Joshua Coffey appeals from the district court's judgment and

challenges the 21-month sentence imposed following his third revocation of

supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Coffey contends that the sentence is substantively unreasonable in light of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his difficult childhood, the nature of his violations, and the alleged harshness of his prior custodial placements. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Coffey's repeated violations and his demonstrated unsuitability for supervised release. *See Gall*, 552 U.S. at 51. Moreover, contrary to Coffey's contentions, the record reflects that the district court considered his mitigating arguments, relied on only proper sentencing factors, and thoroughly explained its reasons for imposing the sentence. *See United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc) (explaining sentencing court's procedural obligations); *United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007) (seriousness of underlying offense "may be considered to a lesser degree as part of the criminal history of the violator").

**AFFIRMED.**